IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI LYNN STEEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.     ) | Civil Action No. 23-732 |
| ) | |
| MARTIN O' MALLEY,[1]   ) | |
| *Commissioner of Social Security,*   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

O R D E R

AND NOW, this 16th day of August, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1]   Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff contends that substantial evidence does not support the Administrative Law Judge's ("ALJ") non-disability determination. (Doc. No. 10). Specifically, Plaintiff argues that her residual functional capacity ("RFC") was formulated in error as the ALJ favored non-treating, non-examining sources over the opinions of her treating and examining sources. (*Id.* at 18-22). Further, Plaintiff contends that the ALJ inappropriately relied on evidence that she was able to foster children. (*Id.* at 22-23). Plaintiff also argues that the RFC determination is not supported by substantial evidence as the ALJ relied on an incorrect reading of the underlying evidence and improperly discounted Plaintiff's consistent and supported symptoms. (*Id.* at 23-25). Lastly, Plaintiff posits that the testimony from the vocational expert ("VE") is not supported by substantial evidence because it relies on an inaccurate RFC. (*Id.* at 25-26). After conducting its own careful and independent review of the record, the Court finds that Plaintiff's contentions are without merit.

The Court finds that the ALJ's RFC determination is supported by substantial evidence. The ALJ here was tasked with analyzing a variety of opinions, including those of state agency physicians Drs. David Bristow, M.D., and Kevin Hollick, D.O., of consultative examiner Dr. Anthony Elisco, M.D., and of Plaintiff's treating physicians, Michelle Rathgeb, M.D., Mary Wasko, M.D., and Gina Laginya, PA-C. *(As Plaintiff points out, Dr. Rathgeb is referred to in the ALJ's decision as Dr. Bathgen, but both Plaintiff and Defendant refer to this doctor as Dr. Rathgeb and do not contest that the ALJ is referencing the same doctor).* The state agency physicians opined that Plaintiff had fewer limitations while Plaintiff's treating sources found her to be more limited. (R. 25-32). Plaintiff's argument on this point seems to invoke the inapplicable "treating physician rule," which is applied only in cases where the application is filed before March 27, 2017. *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c). As Plaintiff's application was filed on July 5, 2020 (R. 15), the "treating physician rule" does not apply to her claim and the ALJ was under no obligation to find the opinions of Plaintiff's treating physicians persuasive just by virtue of the physicians' relationship with Plaintiff.

Further, the Court rejects Plaintiff's argument that the opinions of Drs. Rathgeb, Wasko, and Elisco should have been found persuasive because their findings are consistent

2

with and supported by the record. (Doc. No. 10 at 21-22). As explained above, consistency and supportability are indeed the two most important factors used to determine the persuasiveness of medical opinions. Here, though, the ALJ appropriately analyzed the consistency and supportability of Drs. Rathgeb, Wasko, and Elisco's opinions based on all the evidence. As to Dr. Rathgeb's opinion containing many limitations, the ALJ found this opinion unpersuasive because it was not consistent with the record, which showed that Plaintiff's physical examinations were generally unremarkable, and was not supported by Dr. Rathgeb's own examinations, which noted that Plaintiff's prognosis was "good." (R. 25). Further, the ALJ found Dr. Wasko's very limiting opinion to be unpersuasive because it was not consistent with the record, which showed no motor or neurologic deficit and normal gait, and was not supported by Dr. Wasko's own examinations, which showed he assessed Plaintiff's prognosis as "fair." (R. 26-27). As to Dr. Elisco's less limiting opinion, the ALJ found this opinion only partially persuasive because it was mostly consistent with the record, but his opined manipulative limitations were not consistent with the Plaintiff's normal extremities with no muscle atrophy and intact hand and finger dexterity. (R. 28). Further, Dr. Elisco's opinion was supported by his physical examinations, which were generally unremarkable. (R. 27-28). Plaintiff points to evidence within the record she believes to be more in line with these opinions in an effort to have this Court reweigh the evidence, but the Court rejects her request to do so. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (stating "[c]ourts are not permitted to reweigh the evidence or impose their own factual determinations[.]").

The Court also finds no merit in Plaintiff's argument that the ALJ inappropriately relied on evidence that she was able to foster children as a factor pointing to her ability to work. (Doc. No. 10 at 22-23). Plaintiff contends the ALJ acted improperly by relying on her ability to foster children and questioning her on becoming a foster parent, subpoenaing records from the Department of Human Services, and citing medical records noting Plaintiff and her husband were fostering children in support of the decision that Plaintiff was not disabled. (*Id.*). The Court disagrees. The ALJ is permitted to, and in fact required to, evaluate a claimant's activities of daily living as a factor in determining the credibility of his or her claimed limitations. *See* 20 C.F.R. § 404.1529(c)(3)(i). More specifically, this Court has previously affirmed decisions where the ALJ considered the Plaintiff's regular care for children in deciding that the claimant was not disabled. *See Wilson v. Kijakazi*, No. 22-773, 2023 WL 6382544, at *1 n.1 (W.D. Pa. Sept. 29, 2023) (affirming the ALJ's finding of non-disability when he considered the plaintiff's regular care for two children as a factor in determining the credibility of the claimant's alleged limitations); *Hall v. Colvin*, No. 15-150-E, 2016 WL 5528230, at *1 n.1 (W.D. Pa. Sept. 29, 2016) (noting it was proper for the ALJ to consider that plaintiff was raising a young autistic child in evaluating her credibility). Similar to these cases, here, the ALJ properly considered evidence that Plaintiff was able to foster children, in addition to other evidence showing her activities of daily life, in deciding that Plaintiff's subjective complaints were not fully credible. Accordingly, the ALJ appropriately included this evidence in his analysis.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

Additionally, the Court rejects Plaintiff's argument that the ALJ's RFC assessment is in error because it relies on an incorrect reading of the underlying evidence and discounts Plaintiff's consistent and supported symptoms.  Plaintiff points out that the evidence shows that she has difficulty standing, walking, and sitting, requires rest breaks, and has difficulty lifting, pulling, and holding.  (Doc. No. 10 at 24-25).  She contends that the ALJ's crafted RFC, stating she can perform light work with occasional climbing of ladders, ropes, or scaffolds and without any manipulative limitations, is inconsistent with this evidence.  (*Id.*).  However, the ALJ's decision shows that he considered the evidence documenting Plaintiff's difficulties in these areas and appropriately rejected these limitations.  This was shown most clearly when the ALJ considered and analyzed Dr. Rathgeb's and Dr. Wasko's opinions, which opined that Plaintiff's impairments dictated standing, sitting, resting, and manipulative limitations.  (R. 25-26).  As discussed above, the ALJ appropriately found these opinions unpersuasive and explained why.  (*Id.*).  Accordingly, the record shows that the ALJ considered evidence of these limitations and appropriately rejected them.

Lastly, the Court rejects Plaintiff's argument that the testimony from the VE was not supported by substantial evidence.  The Court notes that "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."  *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005).  Hypotheticals posed to VEs need not reflect every impairment alleged by a claimant.  *See id.* at 544.  Instead, hypotheticals "must accurately convey to the vocational expert all of a claimant's credibly established limitations." *Id.*  Substantial evidence supports the ALJ's RFC assessment, and because the operative hypothetical accurately conveyed Plaintiff's RFC, the ALJ appropriately relied upon the vocational expert's response.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

4